UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAMONA GRANT, | ) | Case No. 05cv1503-BLM |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING IN PART AND** |
| v. | ) | **DENYING IN PART PLAINTIFF'S** |
| | ) | **MOTION FOR ATTORNEY'S FEES AND** |
| AMERICAN AGENCIES, | ) | **COSTS** |
| | ) | |
| Defendant. | ) | [Doc. No. 40] |

On April 17, 2008, Plaintiff filed a motion for attorney's fees and costs incurred during the instant action.  Doc. No. 40 ("Motion").  Defendant opposed this motion on April 30, 2008 ("Opp'n").  Doc. No. 41.  On May 6, 2008, Plaintiff filed a reply.  Doc. No. 43 ("Reply").  The Court heard arguments on the motion on June 6, 2008.  For the reasons stated on the record at the hearing, and as enumerated below, Plaintiff's motion for attorney's fees and costs is **GRANTED IN PART AND DENIED IN PART** as follows.

## BACKGROUND

This case concerns allegedly wrongful debt collection practices by Defendant, a debt collector.  In July 2005, Plaintiff filed a complaint, alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA"), and California's Rosenthal Fair Debt Collection Practices Act

("RFDCPA").   Doc. No. 1 (Complaint).   Defendant's alleged wrongdoing stems from a collection letter Defendant sent to Plaintiff, implying that an attorney retained by Defendant was helping collect a disputed debt, when in fact he was not.   _Id._ Plaintiff argued that such behavior constituted "false, deceptive, or misleading representations or means in connection with the collection of an alleged debt," in violation of the FDCPA and the RFDCPA.   _Id._   Although Plaintiff initially filed the instant case as a class action, she later decided not to pursue class certification.   Motion at 5.   Concurrent with the instant federal action, Defendant pursued a state court action against Plaintiff, and won a judgment on the underlying disputed debt.   _Id._

In September 2005, Defendant filed a motion to dismiss Plaintiff's complaint (Doc. No. 6), which was granted in part in August 2006 (Doc. No. 14).   After conducting partial discovery, the parties executed a settlement agreement in June 2007.   Doc. No. 48 (settlement agreement, filed under seal).   The agreement provided, _inter alia_, that Defendant would pay Plaintiff's "reasonable" attorney's fees and costs.   _Id._   If the parties could not reach a mutually acceptable "reasonable" figure, the agreement permitted Plaintiff to ask the Court to determine the amount.   _Id._   On June 27, 2007, shortly after the parties executed the settlement agreement, they stipulated to this Court's jurisdiction over "all disputes arising out of the terms of the settlement agreement once completed."   Doc. No. 39.

## DISCUSSION

Plaintiff requests $44,422.75 in fees incurred by attorneys Joshua Swigart and Douglas Campion, as well as $537.92 in costs.   Motion. These figures include time spent litigating the federal (but not state) action, attempting to settle the federal action, and drafting the motion

for fees.   Id.   Plaintiff also requests $5,197.50 in attorney's fees, incurred preparing a reply to Defendant's opposition to Plaintiff's original motion.   Reply.   In total, Plaintiff requests $50,158.17 in fees and costs.

Defendant argues that Plaintiff's motion should be denied as untimely under the Federal Rules of Civil Procedure, under the doctrine of laches, and under Local Rule 83.4, which prohibits "delaying tactics."   Opp'n at 6-9.   Defendant also argues that the fee award should be reduced because Defendant made a settlement offer to Plaintiff's attorneys, which they allegedly failed to communicate to their client.   Id. at 9-13.   Defendant also contends that Plaintiff's attorneys' hourly billing rates are excessive.   Id. at 13-14.   For the reasons stated on the record at the hearing, the Court is not persuaded by these arguments, and declines to reduce or deny the requested fee amount on these grounds.

Defendant also argues that the number of hours for which Plaintiff requests fees is excessive, and that some of Plaintiff's billing entries are not justified.   Opp'n at 16-25.   Defendant further argues, and Plaintiff concedes, that Plaintiff may not recover fees for efforts expended on behalf of the state court action. Id. at 14-16; Motion at 13 (Plaintiff's attorneys "excising fees and costs spent on defending the Defendant's state court action").   For the reasons provided by the Court at the hearing, the Court finds merit in these arguments as applied to certain billing entries, and reduces Plaintiff's fee award as follows.

    a.   Excessive or Unsubstantiated Billing:

- Plaintiff requests reimbursement for 40.9 hours of fees expended in drafting the instant motion.   This represents 16.8

///

05cv1503-BLM

hours billed by attorney Joshua Swigart (Decl. Swigart[1] Ex. I at 9-11), .6 hours billed by paralegal Luisa Parra (id. at 11), 12.5 hours billed by law clerk Tiffany Jensen (id.), and 11 hours billed by attorney Douglas Campion (Decl. Campion Ex. E at 10-11).  At each individual's billing rate,[2] the total requested for drafting the motion is $10,661.50.  For the reasons stated on the record, the Court finds this sum unreasonable, and reduces it by one-third.  **Therefore, $3,553.84 (three thousand five hundred fifty-three dollars and eighty-four cents) shall be deducted from the total fee request.**

- As stated at the hearing, the Court also finds Plaintiff's request for 1.5 hours of Ms. Parra's time to "create tables MSJ" on April 15, 2008 (Decl. Swigart at 11) to be excessive and inadequately supported, and therefore declines to include it in the fee award.  **Therefore, the fee request shall be reduced by an additional $142.50 (one hundred forty-two dollars and fifty cents).**

- Also, as stated at the hearing, the Court rejects as insufficiently defined and supported Plaintiff's request for .8 hours of Ms. Parra's time on April 23, 2007 "entering data billing report." Id. at 10.  **The $76.00 (seventy six dollars) requested for this task is therefore deducted from the total**

---

[1]Plaintiff attaches declarations by her attorneys to both the fees motion and the reply.  Unless stated otherwise, citations to declarations refer to those accompanying the motion.

[2]The Court uses the following hourly rates, as provided by Plaintiff: $315/hour for Joshua Swigart, $375/hour for Douglas Campion, and $95/hour for Tiffany Jensen and Louisa Parra.  (Decl. Swigart Ex. I & Declaration of Campion Ex. E).  Though Defendant argues that the attorneys' rates are excessive (Opp'n at 13-14), the Court finds them reasonable for the reasons stated on the record.

1   **fee request.**

2   b.   <u>Hours Expended on the State Court Action</u>:  Plaintiff concedes

3        that she cannot recover fees for time spent by her attorneys

4        defending the state court action.  Motion at 13.  However, as

5        argued by Defendant both in writing and at the hearing,

6        Plaintiff failed to excise all such fees from her request.

7        Opp'n at 15-16.  **The Court therefore deducts $2,535.75 (two**

8        **thousand five hundred thirty-five dollars and seventy-five**

9        **cents) from the total fee request.**  <u>See id.</u> (listing state-

10       court-related fees for which Plaintiff cannot recover).

11  c.   <u>Non-Legal Duties Performed by Attorneys</u>:

12  •    As stated by the Court at the hearing, it is unreasonable for

13       Plaintiff's attorneys to perform, and then request attorney-

14       rate reimbursement for, administrative duties which could have

15       been performed by non-attorneys.  Therefore, the Court denies

16       Plaintiff's request for attorney's fees for a combined 1.9

17       hours of Joshua Swigart's "filing," "faxing," and "sending"

18       documents.  Decl. Swigart Ex. I at 2-10.[3]  Instead, these

19       hours will be reimbursed at Mr. Swigart's legal assistant's

20       rate of $95/hour.  **Therefore, the fee request shall be reduced**

21       **by $415 (four hundred and fifteen dollars)**, equaling the

22       difference between $595.50 (1.9 hours x Mr. Swigart's rate of

23       $315/hour) and $180.50 (1.9 hours x Ms. Parra's rate of

24       $95/hour).

25  •    Further, as stated at the hearing, the Court finds it

26

27       [3]These 1.9 hours represent the sum of the following entries for Mr. Swigart:
28  September 12, 2005, .1 hours; September 28, 2005, .3 hours; December 4, 2005, .3 hours;
    November 28, 2005, .3 hours; December 8 2006, .2 hours; January 5, 2007, .2 hours;
    January 10, 2007, .4 hours; February 9, 2007, .1 hours.

unreasonable for Mr. Swigart to charge for personally hand-delivering documents to the Court, when the Court informed him that he could fax or mail such documents. **Therefore, the fee request shall be reduced by $283.50 (two hundred eighty-three dollars and fifty cents)**, representing .9 hours charged by Mr. Swigart for hand-delivering documents on October 25, 2006 and January 10, 2007. Decl. Swigart Ex. I at 4 and 6.

d. <u>Plaintiff's Miscalculation of Hours</u>: Plaintiff states that Joshua Swigart spent 16.5 hours drafting Plaintiff's reply brief, and requests $5,197.50 for this time. (Reply, Decl. Swigart Ex. I at 2-3, multiplying 16.5 hours by Mr. Swigart's rate of $315/hour). Though Defendant did not address this issue, by the Court's calculation, the listed entries only add up to 9.8 hours to draft the reply, equaling $3,087.[4] <u>Id.</u> **Therefore, the fee request shall be reduced by $2,110.50 (two thousand one hundred ten dollars and fifty cents)**, representing the difference between these two amounts.

For the reasons stated here and on the record, the above amounts shall be deducted from Plaintiff's requested fee award.

### CONCLUSION

Plaintiff requests a total of $50,158.17 in fees and costs. For the reasons stated in this Order and on the record, this request shall be reduced by a total of $9,117.09 (nine thousand one hundred seventeen dollars and nine cents), representing the sum of the deductions listed above. **Therefore, the Court finds a reasonable final award of fees and**

---

[4]Doc. No. 43-6 is a declaration by Joshua Swigart detailing the time spent on drafting the reply brief. This document contains a table enumerating specific tasks and the time spent on each. For example: "5/6/08, Complete final revisions to Reply brief, 1.5 [hours]." These entries add up to a total of 9.8 hours, not the 16.5 hours stated by Plaintiff.

05cv1503-BLM

1  costs to be **$41,041.08 (forty-one thousand forty-one dollars and eight**

2  **cents)**.

3      Defendant is therefore ordered to pay **$41,041.08 (forty-one**

4  **thousand forty-one dollars and eight cents)** to Plaintiff's counsel on or

5  before <u>**July 18, 2008**</u>, and to file a declaration confirming payment on or

6  before <u>**July 22, 2008**</u>.  **If Defendant timely files its declaration**

7  **confirming payment, the Clerk's Office shall close the case in its**

8  **entirety.**  If Plaintiff does not receive the full payment by July 18,

9  2008, she shall file a statement to that effect on or before <u>**July 22,**</u>

10  <u>**2008**</u>, the case shall remain open, and Defendant may be subject to

11  sanctions.

12      **IT IS SO ORDERED.**

13

14  DATED:  <u>June 27, 2008</u>

15                                      _Barbara L. Major_

16                                      BARBARA L. MAJOR
                                        United States Magistrate Judge

17

18

19

20  COPY TO:

21  HONORABLE NAPOLEON A. JONES, JR.
    U.S. DISTRICT JUDGE

22

23  ALL COUNSEL

24

25

26

27

28

7                                                        05cv1503-BLM